UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROGRESSIVE EXPRESS
INSURANCE COMPANY,

      Plaintiff,

v.                                                       Case No: 2:17-cv-408-FtM-38MRM

NOEL DE LA PAZ and JORGE DEL
MONTE,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Plaintiff Progressive Express Insurance Company's Response to Court's Order to Show Cause. (Doc. 24). By way of background, Progressive brings this suit for declaratory relief on its indemnification obligation under a commercial car insurance policy that it issued to *pro se* Defendant Noel De La Paz. (Doc. 1). The policy covers a tractor and trailer that De La Paz uses in his business of transporting cars. (Doc. 1 at ¶ 8).

Two years ago, Del La Paz hired *pro se* Defendant Jorge Del Monte. (Doc. 18 at 3). It took only two weeks before Del Monte was injured on the job. (Doc. 1 at ¶ 10). Del Monte hired a lawyer who sent Progressive a demand for settlement. (Doc. 1 at ¶ 11).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Progressive denied liability, stating the policy did not cover workplace injuries. (Doc. 18 at 2).

After receiving Del Monte's demand letter, Progressive filed this action against De La Paz and Del Monte. (Doc. 1). It has asked the Court to declare that it has no duty to indemnify or defend De La Paz under the policy should Del Monte sue De La Paz for the injury. (Doc. 18 at 2). Del Monte has admitted to all allegations in the Complaint (Doc. 15), and Del La Paz has a Clerk's Default against him (Doc. 22).

Progressive now moves for summary judgment.[2] Before deciding the motion, however, the Court directed Progressive to explain why it still seeks to pursue a declaratory judgment when, in Progressive's own words, Del Monte "no longer intend[s] to make a claim against [Del La Paz or Progressive]." (Doc. 14 at 1-2). The Court did so because the Declaratory Judgment Act limits a court's authority to declare the rights and other legal relations to "a case of actual controversy." *See* 28 U.S.C. § 2201 (providing, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought"). This limitation stems from the United States Constitution giving federal judges only the power to decide "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1; *see also Wendy's Int'l v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989) (stating "a party seeking declaratory relief must satisfy the same jurisdictional requirements prerequisite to the bringing of other suits").

---

[2] Neither De La Paz nor Del Monte has responded to Progressive's pending motion for summary judgment, and the time to do so has expired. Because of their *pro se* status, the Court gave them additional time to respond, which they still have not done. (Doc. 23).

In response to the Court's Order, Progressive concedes that the Court lacks jurisdiction to determine this matter because the controversy between the parties is no longer "live." (Doc. 24 at 1). It does so after reviewing *United States Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744 (11th Cir. 1991) and other authorities. (Doc. 24). Under the facts of this case, the Court agrees with Progressive's concession and finds that no justiciable controversy exists. And without an actual controversy, the Court lacks the authority to hear this case.

Accordingly, it is now

**ORDERED:**

(1) This case is **DISMISSED** for lack of jurisdiction.

(2) Plaintiff Progressive Express Insurance Company's Motion for Entry of Final Summary Judgment (Doc. 18) is **DENIED as moot**.

(3) The Clerk of Court is **DIRECTED** to terminate any pending motions and deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of January 2018.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record